[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
The court has received and reviewed the interim report of the court-appointed mentor, Ronald F. Stevens, Esq. Based on this review, it appears that respondent persistently fails to appear in court on time to the consternation of the court, assistant state's attorneys' and his clients and fails to communicate with clients about essential matters relating to their criminal cases. Respondent is reminded that paragraph four of the order of supervision issued by this court included the following:
 Attorney Stevens . . . will report to the court at ninety (90) day intervals during the nine (9) month period, or more frequently as circumstances may require, for the purpose of determining whether the respondent is in compliance with the applicable provisions of the Practice Book, including but not limited to chapters 4, 10, 11, 13, 14, 16, 17, 36 — 44, as well as the rules of professional conduct. Since this is a mentor relationship, it is expected that any guidance offered by Attorney Stevens concerning compliance with the Practice Book or the rules of professional conduct will be followed.
The respondent is reminded that, in accordance with this order, Rules of Professional Conduct 1.3 requires that "[a] lawyer . . . act with reasonable diligence and promptness in representing a client." Further, Rule 1.4 requires that "[a] lawyer keep a client reasonably informed about the status of a matter. . . ." The failure of the respondent to be in full compliance with these and the other rules of professional conduct as well as the guidance and direction of the mentor may provoke a revocation of the order of supervision and ultimately result in his suspension from the practice of law in the State of Connecticut.
The mentor is hereby directed to file his next report with the court no CT Page 11830 later than November 1, 2002 and to specifically address the respondent's compliance with Rules of Professional Conduct 1.3 and 1.4.
SO ORDERED.
 ___________________ Peck, J.
CT Page 11831